Roby Taylor Chappel, H-39739
NAME

H-39739
PRISON NUMBER

KERN VALLEY STATE PRISON, P.O. BOX 5104,
CURRENT ADDRESS OR PLACE OF CONFINEMENT

F.D. B5 122 Delano, Calif, 93216
CITY, STATE, ZIP CODE

IN PRO PER

**2254 ✓ 1983**
**FILING FEE PAID**
Yes ____ No ✓
**IFP MOTION FILED**
Yes ____ No ✓
**CONSENT TO**
Court ✓ ProSe

**FILED**
**JUL 17 2008**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1291 DMS BLM

Roby Taylor Chappel,
(FULL NAME OF PETITIONER)

PETITIONER

Civil No ____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

v.

A. Hedgepeth, Warden,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

J. Brown,
The Attorney General of the State of
California, Additional Respondent.

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   San Diego Superior Court, 220 West Broadway, San Diego, CA 92101

2. Date of judgment of conviction: 11/30/94

3. Trial court case number of the judgment of conviction being challenged: _____
   CR140547

4. Length of sentence: 14 years concurrent sentence with Case No. CR126340

5. Sentence start date and projected release date: __04/14/92 start date; release date was 10/15/04.__

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _____
_Attempted Murder; weapon enhancement; Assault; kidnap; and escape._
_____

7. What was your plea? (CHECK ONE)
   (a) Not guilty          ☐
   (b) Guilty              ☒
   (c) Nolo contendere     ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury       ☐
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes  ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the __California Court of Appeal__?
    ☐ Yes  ☒ No

11. If you appealed in the __California Court of Appeal__, answer the following:
    (a) Result: _____
    (b) Date of result (if known): _____
    (c) Case number and citation (if known): _____
    (d) Names of Judges participating in case (if known)_____
    _____

    (e) Grounds raised on direct appeal: _____
    _____
    _____

12. If you sought further direct review of the decision on appeal by the __California Supreme Court__ (e.g., a Petition for Review), please answer the following:
    (a) Result: _____
    (b) Date of result (if known): _____
    (c) Case number and citation (if known): _____
    _____
    (d) Grounds raised: _____
    _____
    _____

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____
_____

    (d) Grounds raised: _____
_____
_____
_____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
  ☒ Yes   ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): HC 18962

    (b) Nature of proceeding: Habeas Corpus
_____

    (c) Grounds raised: Same as pages 1 through of attached brief.
_____
_____
_____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☒ No

    (e) Result: Denied.

    (f) Date of result (if known): 07/16/07 (See exhibit F1-F3).

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
  ☒ Yes  ☐ No

CIV 68 (Rev. Jan. 2006)

-3-

CV

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known): _D051699 Fourth Appellate_

    (b) Nature of proceeding: _Habeas Corpus_

    (c) Names of Judges participating in case (if known)

    (d) Grounds raised: _Same as pages 1 through 8 of attached brief._

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No

    (f) Result: _Denied_

    (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known):_____

    (b) Nature of proceeding: _Habeas Corpus_

    (c) Grounds raised: _Same as pages 1 through 8 of attached brief._

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

    ☐ Yes ☒ No

    (e) Result: _Denied._

    (f) Date of result (if known): _____

CIV 68 (Rev. Jan. 2006)

cv

20. If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☒ Yes ☐ No     (IF "YES" SKIP TO #22)
   (a)  If no, in what federal court was the prior action filed? _____
      (i)  What was the prior case number? _____
      (ii)  Was the prior action (CHECK ONE):
           ☐ Denied on the merits?
           ☐ Dismissed for procedural reasons?
      (iii) Date of decision: _____
   (b)  Were any of the issues in this current petition also raised in the prior federal petition?
      ☐ Yes ☐ No
   (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
      ☐ Yes ☐ No

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

CIV 68 (Rev. Jan. 2006)

cv

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: _See attached brief pages 1 through 3_ .

_____

_____

Supporting FACTS: _Same as above._

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND ONE in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): _Habeas Corpus_

(2) Case number or citation: _____

(3) Result (attach a copy of the court's opinion or order if available): _Denied._

**(b) GROUND TWO:** _See attached brief pages 1 through 8_ .

_____

_____

**Supporting FACTS**<u>same as above.</u>

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND TWO in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1)  Nature of proceeding (i.e., petition for review, habeas petition): __Habeas Corpus.__

(2)  Case number or citation: _____

(3)  Result (attach a copy of the court's opinion or order if available): __Denied.__

(c) **GROUND THREE**:     See attached brief pages 1 through 8 .

**Supporting FACTS**:    same as above.

**Did you raise GROUND THREE in the California Supreme Court?**

XX Yes ☐ No.

    If yes, answer the following:

  (1)   Nature of proceeding (i.e., petition for review, habeas petition): ___Habeas Corpus___

  (2)   Case number or citation: _____

  (3)   Result (attach a copy of the court's opinion or order if available): ___Denied.___

**(d)**    **GROUND FOUR**:    See attached brief pages 1 through 8.

_____

_____

**Supporting FACTS**:    Same as above.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

    (1)    Nature of proceeding (i.e., petition for review, habeas petition):  Habeas Corpus.

    (2)    Case number or citation: _____

    (3)    Result (attach a copy of the court's opinion or order if available):  Denied.

CIV 68 (Rev. Jan. 2006)

cv

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court: _____

    (b)  Case Number: _____

    (c)  Date action filed: _____

    (d)  Nature of proceeding: _____

        _____

    (e)  Name(s) of judges (if known): _____

    (f)  Grounds raised: _____

        _____

        _____

        _____

        _____

        _____

    (g)  Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing: _____n/a_____

    (b)  At arraignment and plea: ___n/a_____

    (c)  At trial: __n/a_____

    (d)  At sentencing: _____n/a; I did not have an attorney nor was I represented by counsel when I entered my guilty plea and entered into plea bargain agreement.

    (e)  On appeal: n/a_____

    (f)  In any post-conviction proceeding: __n/a_____

        _____

    (g)  On appeal from any adverse ruling in a post-conviction proceeding: ____n/a_____

        _____

CIV 68 (Rev. Jan 2006)

cv

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☒ Yes  ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☒ No

(a) If so, give name and location of court that imposed sentence to be served in the future:

_____

(b) Give date and length of the future sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes  ☐ No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court: *July 17, 2008*

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

X _____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

X _*July 14, 2008*_    X _*Robert T. Chappel*_

(DATE)    SIGNATURE OF PETITIONER

1   Roby Taylor Chappel, H-39739
    ~~High Desert State Prison~~ KERN VALLEY STATE PRISON
2   ~~P.O. Box 3030~~ P.O. BOX 5104
    ~~Susanville, California 96127~~ DELANO, CALIF, 93216
3   In Pro Per Petitioner

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  Roby Taylor Chappel,                    Case No.
                                            (San Diego Superior Court No. CR 126340;
11              Petitioner,                   CR 140547; and HC 18962)

12  vs.                                     PETITION FOR WRIT OF HABEAS CORPUS

13  T. Felker, Warden,

14              Respondents.         /

15      The petitioner, Roby Taylor Chappel files the petition for writ of habeas corpus

16  pursuant to Penal Code section 1473 et seq. and CRC, Rule 60(a).

17      This petition is made on grounds that the California Department of Corrections and

18  Rehabilitation illegally and arbitrarily imposed an illegal 14-year consecutive sentence

19  upon the petitioner; the CDC&R has and continues to illegally confine and falsely

20  imprison the petitioner; the illegal confinement and false imprisonment of the petitioner

21  constitutes cruel and unusual punishment and the inhumane and oppressive treatment of a

22  prisoner; and the habeas petition is timely filed.

23      The petition is based on the statement of the case and facts, the records and files

24  in this case, memorandum of points and authorities, and any other evidence, oral or

25  documentary, that is to be presented to the court in this matter.

26  Dated: _July 14, 2008_                  Respectfully submitted,

27                                          _Roby Taylor Chappel_

28                                          Roby Taylor Chappel
                                            In Pro Per Petitioner

                            1

STATEMENT OF THE CASE AND THE FACTS

1

2  On June 9, 1992, the petitioner was convicted and sentenced at trial to 23 years

3  state prison in San Diego Superior Court Case No. CR 126340. (See exhibit A).

4  On June 7, 1993, the Central District Federal Court picked up the federal charges

5  against the petitioner, and the petitioner entered a plea bargain agreement in the

6  Central District Court Case No. SA-CR-91-0075 (A) GLT for three-hundred and twenty-

7  two months (322) with this entire 322 month sentence to be served concurrent with the

8  petitioner's 23-year state prison sentence in San Diego Superior Court Case No.

9  CR 126340. (See exhibit B).

10  On November 30, 1994, the petitioner struck a plea bargain agreement with the

11  deputy district attorney Genaro Ramirez in Dept. S-33 of the San Diego Superior Court

12  for a plea of guilty to 14 years state prison if the People would run the 14-year

13  sentence concurrent with the petitioner's 23-year sentence in No. CR 120340, and the

14  court and Ramirez agreed with this plea bargain agreement to 14 years concurrent state

15  prison term. (See exhibit C).

16  On March 22, 1999, the Clerk of the San Diego Superior Court Kathleen Derby

17  negligently, illegally, arbitrarily, and incorrectly amended the petitioner's abstract of

18  judgment in Case No. CR 140547 and changed the petitioner's 14-year concurrent sentence,

19  (see exhibit H ), to a 14-year consecutive sentence, (see exhibit H ), without notifying

20  the petitioner.

21  On September 8, 2003, the CDC&R made out a "legal status summary" report and

22  correctly scheduled the petitioner's release date to be on October 15, 2004, and the

23  CDC&R placed this September 8, 2003 "legal Status summary" report into the petitioner's

24  Central Prison File. (See exhibit D2).

25  On May 7, 2007, the petitioner had a state prison Central File Olson Review of his

26  prison file and discovered that he was scheduled to be released on October 15, 2004,

27  when the petitioner had the September 8, 2003 "legal Status summary" report , the

28  CDC&R Memorandum of October 20, 2003, and the November 30, 1994 Abstract of Judgment in

Case No. CR 140547 copied on May 7, 2007. (See exhibits C, D2, and G).

On May 11, 2007, the petitioner showed the inmate paralegal Mr. Thomas Moore, D-62389, the copies of petitioner's "legal status summary" CDC&R Memorandum, and the abstract of judgment of No. CR 140547, that the petitioner had recieved from his Correctional Counselor I Mr. C. Beckman during the May 7, 2007 Central File Olson Review, (see exhibits C, D2, and G), and Mr. Moore noticed and informed the petitioner that the petitioner's release date was on October 15, 2004, and that the petitioner must file a Petition For Writ Of Habeas Corpus for his immediate release from prison. (See exhibit E, Dec. of Thomas Moore).

On May 25, 2007, inmate Moore helped the petitioner file a Petition For Writ Of Habeas Corpus to the San Diego Superior Court in Case No. HC 18962 for his immediate release from state prison custody since petitioner's state prison sentence was completed as of October 15, 2004. (See exhibit D2 and E).

On July 16, 2007, the San Diego Superior Court denied the petitioner's Habeas Petition. (See exhibits F1, F2, and F3).

///

///

///

On MAY 14, 2008, the CALIFORNIA SUPREME COURT denied the Petitioners HABEAS PETITION (SEE EXHIBIT

2

MEMORANDUM OF POINTS AND AUTHORITIES

ARGUMENT

I.

THE CLERK ILLEGALLY AND ARBITRARILY IMPOSED AN ILLEGAL
14-YEAR CONSECUTIVE SENTENCE UPON THE PETITIONER WHEN
THE 14-YEAR SENTENCE WAS A CONCURRENT SENTENCE

On November 30, 1994, the petitioner struck a plea bargain agreement with the deputy district attorney Genaro Ramirez in Dept. S-33 of the San Diego Superior Court for a plea of guilty to 14 years state prison if the People would run the 14-year sentence concurrent with the petitioner's 23-year sentence in No. CR 120340, and the court and Ramirez agreed with this plea bargain agreement to 14 years concurrent state prison term. (See exhibit C).

For over eleven (11) years, from June 29, 1992, to September 8, 2003, the CDC&R was aware and knew that the petitioner's 14-year conviction and sentence in Case No. CR 140547 was to run concurrent to his 23-year conviction and sentence in Case No. CR 126340. (See exhibit D1 and D2).

The Court Clerk Ms. Derby, on March 22, 1999, illegally and arbitrarily changed the petitioner's 14-year concurrent sentence to an illegal and incorrect 14-year consecutive sentence by illegally and arbitrarily changing the abstract of jusgment to reflect a 14-year consecutive sentence that is incorrect.(See exhibit H).

Then on October 20, 2003, within one (1) year before the petitioner's scheduled October 15, 2004 release, the CDC&R, the Correctional Case Records Analyst E. Herndon,

///

///

///

3

1   and the Correctional Counselor J.J. Gilliam illegally and falsely changed the peti-

2   tioner's 23-year state prison sentence to reflect an illegal and false 37-year state

3   prison sentence. (See exhibit G).

4       On October 20, 2003, the CDC&R, Case Records Analyst E. Herndon, and Counselor I

5   J. Gilliam illegally and arbitrarily changed the petitioner's 14-year concurrent

6   state prison sentence to be an illegal and false 14-year consecutive sentence which

7   then caused the petitioner to become illegally confined and falsely imprisoned in the

8   state prison for three (3) years and eleven (11) months and counting.  (See exhibit G).

9       The CDC&R, E. Herndon, and J. Gilliam illegally and arbitrarily imposed an illegal

10  14-year consecutive sentence upon the petitioner when the 14-year sentence was a

11  concurrent sentence.  (See exhibit C).

12      Therefore, the petitioner must be immediately released from state prison forthwith.

13                                  II.
          THE CDC&R HAS AND CONTINUES TO ILLEGALLY CONFINE
14        AND FALSELY IMPRISON THE PETITIONER IN PRISON

15  On September 8, 2003, the CDC&R made out a "legal status summary" report and

16  correctly scheduled the petitioner's release date to be on October 15, 2004, and the

17  CDC&R placed this September 8, 2003 "legal status summary" report into the petitioner's

18  Central Prison File. (See exhibit D2).

19   On October 20, 2003, the CDC&R, Case Records Analyst E. Herndon, and Counselor I

20  J. Gilliam illegally and arbitrarily changed the petitioner's 14-year concurrent

21  state prison sentence to be an illegal and false 14-year consecutive sentence which

22  then caused the petitioner to become illegally confined and falsely imprisoned in the

23  state prison for three (3) years and eleven (11) months and counting.  (See exhibit G).

24      The CDC&R, E. Herndon, and J. Gilliam illegally and arbitrarily imposed an illegal

25  14-year consecutive sentence upon the petitioner when the 14-year sentence was a

26  concurrent sentence.  (See exhibit C).

27      This illegal and false commitment change of the petitioner's 23-year sentence to

28  an illegal and false 37-year sentence does illegally confine and falsely imprison the

                                    4

1  petitioner in state prison.

2  Therefore, the petitioner must be immediately released from state prison custody

3  forthwith.

III.
THE ILLEGAL CONFINEMENT AND FALSE IMPRISONMENT OF THE
PETITIONER CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT
AND THE INHUMANE AND OPPRESSIVE TREATMENT OF A PRISONER

7  The Eighth Amendment to the United States Constitution prohibits cruel and

8  unusual punishment, and California Penal Code § 148. prohibits the inhumane and

9  oppressive treatment of a prisoner.  8th Amendment to U.S. Const. and P.C. §148.

10  It is cruel and unusual punishment to illegally confine and falsely imprison the

11  petitioner in state prison when the petitioner is suppose to be free from prison

12  confinement.

13  It is inhumane and oppressive treatment of a prisoner when the Clerk, CDC&R, Herndon,

14  and J. Gilliam illegally confined and falsely imprisoned the petitioner in state prison

15  when the petitioner is suppose to be free from prison confinement.

16  The petitioner has been illegally confined and falsely imprisoned in the state

17  prison for three (3) years and eleven (11) months, from October 15, 2003, to

18  September 20, 2007, and this exteremly long duration of illegal confinement and false

19  imprisonment as well as inhumane and oppressive treatment of a prisoner has caused the

20  petitioner psychiatric/psychological mental problems and physical problems associated

21  with this long almost four (4) year duration of illegal confinement and false

22  imprisonment, and in violation of the Eighth Amendment to the United States Constitu-

23  tion against cruel and unusual punishment and also in violation of Penal Code section

24  148 against the inhumane and oppressive treatment of a prisoner.

25  Therefore, the petitioner must be immediately released from state prison custody

26  forthwith.

27  ///

28  ///

IV.

THE PETITIONER SHOULD BE ALLOWED THE RIGHT TO THE SPECIFIC PERFORMANCE
OF THE PLEA BARGAIN AGREEMENT

On November 30, 1994, the petitioner entered into a plea bargain agreement with the
deputy district attorney Genardo Ramirez in Dept. S-33 of the San Diego Superior
Court for a plea of guilty to 14 years state prison but only if the People would run
the 14-year state prison sentence concurrent with the petitioner's 23-year sentence in
Case No. CR 120340, and the court, the People and the deputy district attorney Ramirez
agreed with this plea bargain agreement, and the petitioner was then sentenced to  14
years state prison sentence to be made concurrent to the 23-year state prison sentence
in Case no. CR 120340.  (See exhibit H).

On March 22, 1999, the Clerk of the Court Kathleen Derby then illegally and wrongfully
amended the petitioner's abstract of judgment and changed the petitioner's 14-year
concurrent sentence to a 14-year consecutive sentence. (See exhibit H).

This caused the CDC&R and the state prison officials to retain the petitioner in
the state prison from  October 15, 2004, to this present date for over  four (4) years.

Petitioner  was scheduled to be released on October 15, 2004, but due to the
incorrect, illegal and wrongful amended abstract of judgment of March 22, 1999, by the
Clerk of the San Diego Superior Court Kathleen Derby, the petitioner has not been
allowed to receive the benefit of his plea bargain agreement to 14 years concurrent
to the 23-year sentence.

"When an error has been discovered in a plea bargain, such as a breach or broken
promise by the prosecutor, the common remedy is to allow the defendant to enjoy the
right to specific performance of the plea bargain...."   People v. Johnson, (1974) 10
Cal. 3d 868; and People v. Daugherty, (1981) 123 Cal. App. 3d 314.

"Ambiguities in Penal Code Statutes are resolved in favor of the defendant."
Keller v. Superior Court (1970) 2 Cal. 3d 619, 631.

Therefore, the petitioner must recieve the 14-year concurrent sentence to be ran
concurrent to the 23-year sentence in Case No. 120340 and be released forthwith.

6

1

## THE HABEAS PETITION IS TIMELY FILED

2

3    On September 8, 2003, the CDC&R made out a "legal status summary" report and

4    correctly scheduled the petitioner's release date to be on October 15, 2004, and the

5    CDC&R placed this September 8, 2003 "legal status summary" report into the petitioner's

6    Central Prison File. (See exhibit D1 and D2).

7    On May 7, 2007, the petitioner had a state prison Central File Olson Review of his

8    prison file and discovered that he was scheduled to be released on October 15, 2004,

9    when the petitioner had the September 8, 2003 "legal Status summary" report , the

10   CDR&R Memorandum of October 20, 2003, and the November 30, 1994 Abstract of Judgment in

11   Case No. CR 140547 copied on May 7, 2007. (See exhibits C, D2, and G).

12   On May 11, 2007, the petitioner showed the inmate paralegal Mr. Thomas Moore,

13   D-62389, the copies of petitioner's "legal status summary" CDC&R Memorandum, and

14   the abstract of judgment of No. CR 140547, that the petitioner had recieved from his

15   Correctional Counselor I Mr. C.Beckman during the May 7, 2007 Central File Olson

16   Review, (see exhibits C, D2, and G), and Mr. Moore noticed and informed the petitioner

17   that the petitioner's release date was on October 15, 2004, and that the petitioner

18   must file a Petition For Writ Of Habeas Corpus for his immediate release from prison.

19   (See exhibit E, Dec. of Thomas Moore).

20   On May 25, 2007, inmate Moore helped the petitioner  file a Petition For Writ Of

21   Habeas Corpus to the San Diego Superior Court in Case No. HC 18962 for his immediate

22   release from state prison custody since petitioner's state prison sentence was

23   completed as of October 15, 2004. (See exhibit D2 and E).

24   On July 16, 2007, the San Diego Superior Court denied the petitioner's Habeas

25   Petition. (See exhibits F1, F2, and F3).

26   Therefore, the petitioner has filed and began litigating his petition for writ of

27   habeas corpus within this matter in a timely manner.

28   ///

1  ON MAY 14, 2008 the CALIFORNIA SUPREME COURT denied the PETITIONER'S
2  HABEAS petition (SEE EXHIBIT X)

## CONCLUSION

Based on the foregoing, the CDC&R illegally and arbitrarily imposed an illegal 14-year consecutive sentence upon the petitioner, the CDC&R has and continues to illegally confine and falsely imprison the petitioner, the illegal confinement and false imprisonment of the petitioner constitutes cruel and unusual punishment and the inhumane and oppressive treatment of a prisoner, and the habeas petition is timely filed.

Wherefore, the petitioner respectfully requests that the court issue an order for the respondents to show cause why the relief requested should not be granted to the petitioner by the issuance of a writ of habeas corpus for the petitioner's immediate release from state prison forthwith.

Dated: _July 14, 2008_

Respectfully,

_Roby Taylor Chapel_

Roby Taylor Chapel

In Pro Per Petitioner

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _July 14, 2008_

_Roby T. Chappel_

Declarant

# EXHIBIT A

APEL    91-1725878

FORM DOL 290.1

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT
### SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

H-39739

...ITION COURT OF CALIFORNIA, COUNTY OF   SAN DIEGO

...COURT I.D. ____    BRANCH ____

| | CASE NUMBER |
|---|---|

...LE OF THE STATE OF CALIFORNIA  versus
DANT:  ROBY T. CHAPEL
AKA:

[X] PRESENT
[ ] NOT PRESENT

CR 126340

...ITMENT TO STATE PRISON
...CT OF JUDGMENT

AMENDED
ABSTRACT [ ]

| ...HEARING (MO) (DAY) (YR) 06-09-92 | DEPT. NO 22 | JUDGE BERNARD E. REVAK | CLERK L. SAVITZ |
|---|---|---|---|

| D. BEARD | COUNSEL FOR PEOPLE G. MCCLAIN | COUNSEL FOR DEFENDANT A. FENTON | PROBATION NO. OR PROBATION OFFICER A000728341 |
|---|---|---|---|

...DANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION | | | CONVICTED BY | | | | TIME IMPOSED | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | TERM (LWU) | YEARS | MONTHS |
| 1 | PC | 187(a) | Attempt Murder | 92 | 04 | 14 | 92 | X | | | U | 9 | |

...ICEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:
...h count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385.
...time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC12022(b) | 1yr | PC12022.7 | 3yr | | | | | | | 4 |

...ICEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) AND OTHER.
...enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2
...Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any
...enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|
| PC667(a) | 5yr | PC667(a) | 5yr | | | | | 10 |

...ORDERS:  Restitution fine of $7,500. per GC 13967/PC 2085.5.

...TAYED § 1170.1(g) (DOUBLE BASE LIMIT):

| | 23 |
|---|---|

...TERM IMPOSED:

...HIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

...TION OF SENTENCE IMPOSED:

A. [ ] AT INITIAL SENTENCING HEARING
B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. [X] AFTER REVOCATION OF PROBATION
D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. [ ] OTHER

...F SENTENCE PRONOUNCED
(Y) (YR) 6-9-92

CREDIT FOR TIME SPENT IN CUSTODY   TOTAL DAYS 392   INCLUDING:

ACTUAL LOCAL TIME 262

LOCAL CONDUCT CREDITS 130

STATE INSTITUTIONS
[ ] DMH   [ ] CDC

...DANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

[ ] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

[ ] CALIF. INSTITUTION FOR WOMEN – FRONTERA
[ ] CALIF. MEDICAL FACILITY – VACAVILLE
[ ] CALIF. INSTITUTION FOR MEN – CHINO
[ ] DEUEL VOC. INST.
[ ] SAN QUENTIN
[X] OTHER (SPECIFY):   RICHARD J. DONOVAN CORRECTIONAL FACILITY

### CLERK OF THE COURT

...certify the foregoing to be a correct abstract of the judgment made in this action.

SIGNATURE
...nda B. Savitz

DATE   June 11, 1992

...prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

### ABSTRACT OF JUDGMENT – COMMITMENT
### SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
...FORM DSL 290.1

# EXHIBIT B

Central District of California

UNITED STATES OF AMERICA vs.

Docket No. CR - 91-0075(A)-GLT

SA

Defendant's Name   Roby Taylor Chapel, Jr.

Social Security No.   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

Residence   MDC   Los Angeles, Ca  90012

Mailing Address

Address

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| June | 7, | 1993 |

COUNSEL | ☐ WITHOUT COUNSEL | However, the Court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.

☒ WITH COUNSEL   Leon Peterson, DFPD, aptd.
(Name of Counsel)

PLEA | ☐ GUILTY, and the Court being satisfied that there is a factual basis for the plea.   ☐ NOLO CONTENDERE   ☐ NOT GUILTY

FINDING | There being a guilty/verdict of ☒ GUILTY, defendant has been convicted as charged of the offense(s) of
armed robbery of a savings and loan in violation of 18 USC 2113(a)(d) as
charged in count one of the first superseding indictment; armed robbery
of a mail custodian in violation of 18 USC 2114 as charged in count two
of the first superseding indictment and  carring a firearm during a crime of
violence in violation of 18 USC 924(c)(d) as charged in count three of the first super-
seding indictment.

JUDGMENT AND PROB./COMMITMENT ORDER |
The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the Judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of three-hundred and twenty-two months (322)
consisting of 262 months on each of counts 1 and 2 to be served concurrently with each
other and 60 months on count 3 to be served consecutively to the term imposed in
counts 1 and 2.  The entire sentence is to be served concurrent with the unexpired state
sentence.  Upon release from imprisonment, the defendant shall be placed on supervised
release for a term of five (5) years on each of counts 1 and 2 and three (3) years
on count 3, all such terms to run concurrently, under the following terms and conditions:
1.  The defendant shall comply with the rules and regulations of the U.S. Probation
    Office and General Order 318;
2.  The defendant shall participate, as instructed by the Probation Officer, in a
    program approved by the U.S. Probation Office, for treatment of narcotic addiction
    or drug dependency, which may include counseling and testing, to determine if the
    defendant has reverted to the use of drugs;
3.  As directed by the Probation Officer, the defendant shall provide to the Probation
    Officer, an accurate financial statement, with supporting documentation, as to all
    sources and amounts of income and all expenses of the defendant.  In addition, the
    defendant shall provide federal and state income tax returns as requested by the
    Probation Officer.
Pursuant to Section 5E1.2(f) of the Guidelines, all fines are waived, including the
costs of imprisonment and supervision, as the court finds that defendant does not have...
ability to pay.  Further, the defendant

In addition to the special conditions of supervision imposed above, the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

lease set out on the reverse side of this judgment be imposed.

shall pay a special assessment fee of $150. to the United States pursuant to 18 USC 3013(a).
☐ This is a direct commitment to the Bureau of Prisons and the Court has NO OBJECTION should the Bureau of Prisons designate defendant
☐ to a Community Corrections Center.   Restitution is not ordered  in view of defendant's lack of resources
and limited future earning ability.

Signed By XXX U.S. District Judge

June 8   1993

It is ordered that the Clerk deliver a certified copy of
this Judgment and Probation/Commitment Order to
the U.S. Marshal or other qualified officer.

U.S. Magistrate

LEONARD A BROSNAN, CLERK

By Robert Botton

Date Filed   JUNE 9   1993

Deputy Clerk

# EXHIBIT C

K-12-2
79 ia 4

TAYLOR                    94-1045388

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT

94/045384

FORM DSL 290

| SUPERIOR
| MUNICIPAL  } COURT OF CALIFORNIA, COUNTY OF _____ SAN DIEGO
| JUSTICE

COURT (I.D)           BRANCH OR JUDICIAL DISTRICT: _____ SAN DIEGO
9 0 0

| _____ OF THE STATE OF CALIFORNIA versus | ☒ PRESENT | CR 140547 — A |
| DANT: CHAPEL, ROBY TAYLOR | ☐ NOT PRESENT | — B |
| AKA: | | — C |
| _____MENT TO STATE PRISON    AMENDED | — D |
| _____ACT OF JUDGMENT           ABSTRACT ☐ | — E |

| _____ING (MO. DAY. YR) | DEPT. NO | JUDGE | CLERK |
| 11-30-94 | S-33 | WILLIAM H. KENNEDY | KATHLEEN DERBY |

| COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
| KAY COLLIER   GENARO RAMIREZ | PROPRIA PERSONA | J. STOLLENWERK |

_____ANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS)

| CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY | | TIME STAY | | | | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PC | 245(c) | ADW Peace Officer | 92 | 10 | 18 | 94 | | | N | M | | | | | | X | | |
| PC | 207(a) | Kidnap | 92 | 10 | 18 | 94 | | | N | M | | | | | | XX | | |
| PC | 4532(b) | Escape by Force w/ | 92 | 10 | 18 | 94 | | | N | M | | PRINCIPAL | | | | | 4 | 0 |
| | | Pending Felony | | | | | | | | | | | | | | | | |

_____CEMENTS charged and found true, TIED TO SPECIFIC COUNTS (mainly in the § 1022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:

| Count | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |

_____CEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER

| | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 667(a)/1192 7(c)(19) | | | | | | | | | | 5  0 |
| | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
| | 667(a)/1192 7(c)(19) | | | | | | | | | | 5  0 |

_____PLETED SENTENCES) CONSECUTIVE

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED | $. OTHER ORDERS    Rest/Fine GC 13967 $1,000. per 2085.5PC |
|---|---|---|---|
| | | | |

Use additional sheets of plain paper if necessary.

_____IME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A)

_____AYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays of term for enhancements.)

| _____TERM IMPOSED: | 14 | 0 |

_____ION OF SENTENCE IMPOSED:

| AT INITIAL SENTENCING | B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL | C. ☐ AFTER REVOCATION OF PROBATION | D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d)) | E. ☐ OTHER _____ |
| HEARING |

| _____ SENTENCE PRONOUNCED (YR) 11-30-94 | CREDIT FOR TIME SPENT IN CUSTODY Ø | TOTAL DAYS | ACTUAL LOCAL TIME Ø | LOCAL CONDUCT CREDITS Ø | STATE INSTITUTIONS ☐ DMH | ☐ CDC |
| | | INCLUDING: | | | | |

_____ANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

| FORTHWITH | INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT: | ☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA | ☐ CALIF. MEDICAL FACILITY – VACAVILLE | ☐ CALIF. INSTITUTION FOR MEN – CHINO | ☐ DEUEL VOC. INST. |
| AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS | | ☐ SAN QUENTIN | | |
| | | ☒ OTHER (SPECIFY)   RJ DONOVAN CORR. FACILITY | | |

## CLERK OF THE COURT

_____certify the foregoing to be a correct abstract of the judgment made in this action.

| _____SIGNATURE  K. DERBY | DATE  11-30-94 |

_____prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

### ABSTRACT OF JUDGMENT – PRISON COMMITMENT
### FORM DSL 290

Pen.C. 1213.5

# EXHIBIT DI-D2

UNAVAILABLE COPY

STATUS SUMMARY   TYPE- D    LAC      ** DISCREPANT ** 09/08/2003 21:44

```
NUMBER  | NAME                            |ETHNIC|    BIRTHDATE
39739   | CHAPEL,ROBY,T                   | BLA  |   03/15/1953

CHAPPEL,ROBY,TAYLOR
CHAPEL,ROBY,TAYLOR

                                       MAX ADJ REL DT |  CURRENT REL DT
M STARTS | MAX REL DATE                     05/05/2014 |   12/30/2006
/29/1992 | 05/05/2014                                  |
                                                       | PAROLE PERIOD
                                                       | 3 YRS

TERM  9/00 + ENHCMNTS 14/00 = TOT TERM  23/00
```

PRISON + POST SENTENCE CREDITS
     P2900-5 P1203-3 P2900-3 CRC-CRED MR-CRED P4019   P2931 POST-SENT   TOT

```
                                           130                    19     411
6340     262
```

6 DNA PALM PRINT REQUIRED
FICATION REQUIRED PER PC3058.6

```
 V DT/ COUNTY/      CASE    SENTENCE DATE        CREDIT      OFFENSE
 T     OFF-CODE  DESCRIPTION                     CODE          DATE
```

TROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

```
NTROLLING CASE --
29/1992  SD     CR126340      6/09/1992                     1
                02 P667(A)    01 PFC/SERIOUS               1    09/10/1991
1 P187 2ND   MURDER 2ND
             (B)WPN,ATT,PR                                  1
             P12022(B)      02 USE /WPN                     1
             P12022.7       01 INFL GBI

ONSECUTIVE FACTORS--
02/1994  SD     CR140547      11/30/1994          CS        1    05/14/1992
5 P4532B      ESC CO/PRI W/FO

-CONTROLLING OFFENSES:
02/1994  SD     SCD105435     11/30/1994                    1    05/29/1994
1 P4573.6    POSS CS IN JAIL/PRI
```

```
                        BEGINNING   CREDIT    TOTAL    TOTAL .   NET
P WAIVER                BALANCE     APPLIED   LOST     RESTORED  TOTAL
DATE                                                            2883
29/1992                 2804        2955      302      30        2683
```

ITS AUTO RE-VESTED PER PC-2934 :      9

```
                                    RULE      VIOL
  DATE       END DATE   LOG NUMBER   NUMBER    CAT DAYS
```

****** CONTINUED ******

D1

L STATUS SUMMARY --CONTINUATION--    PAGE    2

```
C NUMBER  |  NAME
H38738    |  CHAPEL,ROBY,T
```

```
 07/09/2003              03070078    3016(A)      B    121
```

```
                                   RULE         D A Y S
E  DATE    END DATE LOG NUMBER    NUMBER  ASSESS LOST REST DEAD
```

```
 06/29/1992              ******BEG BAL*******
CURRENT PC BALANCE:      0              CURRENT BC BALANCE:      0
```

BALANCE = 192 AS OF 08/31/2003

/RRPD IS 10/15/2004 BASED ON CREDIT APPLIED THRU 07/31/2002 AND WORK GROUP A1

D2

# EXHIBIT E

Affidavit Of Thomas Eugene Moore

My name is Thomas Eugene Moore, D-62389, and I am over the age of eighteen years and I attes that:

I am an incarcerated inmate of the High Desert State Prison, P.O. Box 3030 Susanville, California 96127, and on May 11, 2007, Mr. Roby Taylor Chappel showed me copies of his September 8, 2003 "legal status summary", the CDC&R Memorandum of October 26, 2003, and his abstract of judgment of NO. CR 140549 that Mr. Chappel received from his Correctional Counselor I Mr. C. Beckman during his May 7, 2007 Central File Olson Review, and I noticed and informed Mr. Chappel that his release date was on October 15, 2004, and that he must file a petition for writ of habeas corpus for his immediate release from prison. On May 20, 2007, I helped Mr. Chappel file a petition for writ of habeas corpus to the San Diego Superior Court in case no. HC18962

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 16, 2007

Thomas E. Moore D-62389
Declarant

# EXHIBIT F1-F2-F3

**FILED**

San Diego Superior Court

JUL 1 6 2007

Clerk of the Superior Court

By __M. Castorena__

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN DIEGO

IN THE MATTER OF THE APPLICATION OF: )    HC 18962
)    CR 140547; CR 126340
)
ROBY TAYLOR CHAPPEL,              )    ORDER DENYING PETITION FOR
)    WRIT OF HABEAS CORPUS
)
Petitioner.         )
)
)

AFTER REVIEWING THE PETITION FOR WRIT OF HABEAS CORPUS AND THE COURT FILE IN THE ABOVE-REFERENCED MATTER, THE COURT FINDS AS FOLLOWS:

On June 9, 1992, Petitioner was sentenced to the nine-year upper term for attempted murder (Penal Code § 187(a)). Petitioner also received a one-year enhancement for the use of a deadly weapon in the commission of a felony (Penal Code § 12022(b)), a three-year enhancement for inflicting great bodily injury (Penal Code § 12022.7), and a five-year enhancement for each of two violent felony priors (Penal Code § 667(a)), for a total term of 23 years.

While incarcerated, Petitioner attempted to escape from prison. He was subsequently charged with assault with a deadly weapon on a peace officer (Penal Code § 245 (c)), kidnap (Penal Code § 207(a)) and escape by force (Penal Code § 4532(b)). On November 30, 1994, the assault and kidnapping sentences were stayed. Petitioner was sentenced to the four-year mid-term for the escape charge, in addition to two five-year enhancements for his violent felony priors (Penal Code § 667(a)), for a total term of 14 years.

Now, more than twelve years later, Petitioner has filed this Petition for Writ of Habeas Corpus, claiming that the California Department of Corrections and Rehabilitation (CDCR) unilaterally imposed the 14 year term consecutively to his original commitment offense. The Petition is denied for the reasons stated herein.

In Petitioner's second offense, discussed supra, he was charged with escape by force (Penal Code § 4532 (b)). Section 4532 (b)(1) states in relevant part, "Every prisoner arrested and booked for, charged with, or convicted of a felony... who is confined in any ... prison, ..., who escapes or attempts to escape from ... prison...is guilty of a felony..." Furthermore, section 4532 (b)(2) states, "If the escape or attempt to escape described in paragraph (1) is committed by force or violence, the person is guilty of a felony, punishable by imprisonment in the state prison for a full term of two, four, or six years **to be served consecutively to any other term of imprisonment**, commencing from the time the person otherwise would have been released from imprisonment and the term shall not be subject to reduction..." (emphasis added).

Furthermore, the Pronouncement of Judgment contained within the court file indicates that the two strike prior enhancements were also to be served consecutively, for a total term of 14 consecutive years. Thus, Petitioner's contention that the CDCR arbitrarily imposed the consecutive term is incorrect. The consecutive term is mandated by Penal Code § 4532(b) and was pronounced by the court at the time of Petitioner's sentencing, not by the CDCR. As Penal Code § 4532(b)(2) plainly requires that this sentence be served consecutively to Petitioner's other commitment term and prohibits the term from being subject to reduction, Petitioner's claim fails.

The petition for writ of habeas corpus is hereby DENIED in its entirety.

A copy of this order shall be served upon 1) Petitioner and 2) the Office of the San Diego County District Attorney (Appellate Division).

IT IS SO ORDERED.

DATED: 7-16-07

KERRY WELLS

JUDGE OF THE SUPERIOR COURT

I hereby certify that the foregoing instrument is a full, true & correct copy of the original on file in this office, that said document has not been revoked, annulled or set aside, and it is in full force and effect.

Attest: JUL 1 8 2007 at 4:00pm

Clerk of the Superior Court of the State of California, in and for the County of San Diego

By _____ Deputy

-2-

F2.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
☐ JUVENILE COURT, 1701 MISSION AVE., OCEANSIDE, CA 92054-7102

PLAINTIFF(S)/PETITIONER(S)

The People of The State of California

DEFENDANT(S)/RESPONDENT(S)

ROBY TAYLOR CHAPPEL

CLERK'S CERTIFICATE OF SERVICE BY MAIL
(CCP 1013a(4))

FOR COURT USE ONLY

# FILED
San Diego Superior Court

JUL 18 2007

Clerk of the Superior Court
By    M. Castorena

JUDGE: ____

DEPT: ____

CASE NUMBER
HC 18962
CR 140547
CR 126340

certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed
and, with postage thereon fully prepaid, deposited in the United States Postal Service at:  ☒ San Diego  ☐ Vista  ☐ El Cajon
☐ Chula Vista  ☐ Oceanside  ☐ Ramona, California.

| NAME | ADDRESS |
|---|---|
| ROBY TAYLOR CHAPPEL | CDC # H-39739<br>HIGH DESERT STATE PRISON<br>B3-109<br>P.O. BOX 3030<br>SUSANVILLE, CA 96127 |
| SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE<br>APPELLATE DIVISION | P.O. BOX 121011<br>SAN DIEGO, CA 92112-1011 |

CLERK OF THE SUPERIOR COURT

Date:7/18/2007  _____

By M. Castorena _____, Deputy

# EXHIBIT X

S158063

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re ROBY TAYLOR CHAPPEL on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

MAY 1 4 2008

Frederick K. Ohlrich Clerk

———————————

Deputy

**GEORGE**

———————————

Chief Justice

# EXHIBIT G

State of California

M E M O R A N D U M

Date *10-20-03*

To    : CCII *Gilliam, J.*_____ Facility

From  : Records

Subject: COMMITMENT CHANGES


The following new/amended Abstract of Judgment has been received for:

NAME: *Chapel, Roby T.*_____

NUMBER: *H39739*____ DORM _____

COUNTY: *San Diego*_____

CASE #: *CR140547*_____

TERM: *14 years CS to CR126340 total term 37 years*

Please evaluate this case for possible change in program, custody or housing.
An updated legal status summary face sheet will be forthcoming, which may
reflect a change in the release date.


*E. Herndon*_____
Correctional Case Records  Analyst

ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

☒ SUPERIOR
☐ MUNICIPAL  } COURT OF CALIFORNIA, COUNTY OF _____ SAN DIEGO
☐ JUSTICE

COURT (I.D.)
17000

BRANCH OR JUDICIAL DISTRICT: _____

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT:  CHAPEL, ROBY TAYLOR
AKA:

☒ PRESENT
☐ NOT PRESENT

CR 140547  - A
- B
- C
- D
- E

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT
AMENDED
ABSTRACT  ☒

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 11-30-94 | S-33 | WILLIAM H. KENNEDY | KATHLEEN DERBY |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. or PROBATION OFFICER |
|---|---|---|---|
| KAY COLLIER | GENARO RAMIREZ | PROPRIA PERSONA | J. STOLLENWERK |

DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):
☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES)

| CNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | CONVICTED BY: COURT/JURY | PLEA | FELONY/M.M. | ENHANCEMENT | CONSECUTIVE 1170 VIOLENT | CONSECUTIVE 1170 MISTAKE | INCOMPLETE SENTENCE CS 1170.15 | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | PC | 245(c) | ADW PEACE OFFICER | 92 | 10 | 18 | 94 | | X | M | | | | | X | | |
| 4 | PC | 207(b) | KIDNAP | 92 | 10 | 18 | 94 | | X | M | | | | | X | | |
| 5 | PC | 4532(b) | ESC W/FORCE PEND FEL | 92 | 10 | 18 | 94 | | X | M | PRINCIPAL | | | | | 4 | 0 |

ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL, STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter like total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |

ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS or PRIOR PRISON TERMS (mainly § 667-series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 667(a)/1192.7(c)(19) | 5 | | | | | | | | | 5 0 |
| 667(a)/1192.7(c)(19) | 5 | | | | | | | | | 5 0 |

INCOMPLETED SENTENCE(S) CONSECUTIVE:                5. OTHER ORDERS   R/F  GC 13967 $1,000 per PC 2085.5

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| San Diego | CR 126340 | |

Use additional sheets of plain paper if necessary.

TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):

TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays of term for enhancements.)

TOTAL TIME IMPOSED:                     14  0

EXECUTION OF SENTENCE IMPOSED:
A. ☒ AT INITIAL SENTENCING HEARING   B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C. ☐ AFTER REVOCATION OF PROBATION   D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))   E. ☐ OTHER

| DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS: |
|---|---|---|---|---|---|---|
| 11-30-94 | | 0 | INCLUDING: | 0 | 0 | ☐ DMH   ☐ CDC |

DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
☒ FORTHWITH                    INTO THE CUSTODY OF THE DIRECTOR OF   ☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA   ☐ CALIF. MEDICAL FACILITY – VACAVILLE   ☐ CALIF. INSTITUTION FOR MEN – CHINO   ☐ DEUEL VOC. INST.
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS   CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:   ☐ SAN QUENTIN
☒ OTHER (SPECIFY)   Donovan Corr Facility

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| K. Derby | 11-30-94   FILED  3/30/99 |

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the
Judicial Council of California
Effective April 1, 1992

ABSTRACT OF JUDGMENT – PRISON COMMITMENT
FORM DSL 290

Pen.C. 1213.5

DISTRIBUTION:          PINK COPY – COURT FILE          YELLOW COPY – DEPARTMENT OF CORRECTIONS

Exhibit H

UNITED STATES DISTRICT COURT

Southern District of California

Roby T. Chappel
_____
Plaintiff or Petitioner

v.

Anthony Hedgpeth,
_____
Defendant or Respondent

Case Number:

WARDEN
_____

PROOF OF SERVICE

I hereby certify that on _July 14_, _2008_, I served a copy of the attached _Habeas Corpus_ _____,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at _Kern Valley State Prison_

List Name and Address of Each
(Defendant or Attorney Served)

ATTN: CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
880 FRONT STREET
ROOM 4290
SAN DIEGO, CALIFORNIA
92101-8900

I declare under penalty of perjury that the foregoing is true and correct.

Roby T. Chappel
_____
(Name of Person Completing Service)

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Roby Taylor Chappel**

**DEFENDANTS**

**A. Hedgpeth, Warden**

FILED
JUL 1 7 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED **Kern**
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

2254   1983

FILING FEE PAID

Yes ___ AND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)   ATTORNEYS (IF KNOWN)

Roby Taylor Chappel
PO Box 5104
Delano, CA 93216
H-39739

IFP MOTION FILED
Yes ___ No ___
CONSENT TO
___ Judge ___ Magis.

**'08 CV 1291 DMS BLM**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

## 28 U.S.C. 2254

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | Medical Malpractice | ☐ 625 Drug Related Seizure | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - | of Property 21 USC81 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ _____   Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE   7/18/2008   SIGNATURE OF ATTORNEY OF RECORD   *H Hammer*