1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  DANIEL ROGERS
   Deputy Attorney General
5  KYLE NIKI SHAFFER, State Bar No. 122374
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2226
    Fax: (619) 645-2191
9   Email: Niki.Shaffer@doj.ca.gov

10 *Attorneys for Respondent*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBY TAYLOR CHAPPEL,** | 08cv1291 DMS (BLM) |
| *Petitioner*, | **NOTICE OF MOTION & MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| **A. HEDGPETH, *Warden*,** | *Oral Argument Not Requested* |
| *Respondent*. | |

TO PETITIONER: PLEASE TAKE NOTICE that Respondent[1] hereby moves the Court for an order dismissing the Petition for Writ of Habeas Corpus because it is untimely, as the Petition was

---

1. Petitioner has improperly named the California Attorney General as a respondent. The Attorney General is not a proper party to this suit, and should be dismissed as a named respondent. Where a habeas corpus petitioner is in custody pursuant to a challenged state-court judgment, the proper responding party is the state officer having custody of the applicant. Rules Governing Section 2254 Cases in the United States District Courts, 2(a). This is the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Because Petitioner is already incarcerated for the judgment he challenges, the warden is the proper Respondent, and the California Attorney General should be dismissed as a named respondent. *Allen v. State of Oregon*, 153 F.3d 1046, 1050 (9th Cir. 1998).

filed after the expiration of the statute of limitations pursuant to 28 U.S.C. § 2244(d). The Motion to Dismiss is based on this Notice, the accompanying Memorandum of Points and Authorities and lodgments, and on the pleadings and documents currently on file in this action, as well as any further records which may be filed or lodged in this case.

Dated: September 5, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

DANIEL ROGERS
Deputy Attorney General


     *s*/**KYLE NIKI SHAFFER**

KYLE NIKI SHAFFER
Deputy Attorney General

*Attorneys for Respondent*

KNS:sm
80278412.wpd
SD2008801997

**CERTIFICATE OF SERVICE BY U.S. MAIL**

I declare: I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 5, 2008**, I served the following documents:

| | | |
|---|---|---|
| (1) | NOTICE OF MOTION & MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; | ***Chappel v. Hedgpeth*** <br> United States District Court <br> Southern District of California <br> 08cv1291 DMS (BLM) |
| (2) | MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; *and* | |
| (3) | NOTICE OF LODGMENT IN 28 U.S.C. § 2254 HABEAS CORPUS CASE | |

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

**ROBY TAYLOR CHAPPEL**
**CDC NO H-39739**
**KERN VALLEY STATE PRISON**
**P O BOX 5104**
**DELANO CA 93216**

*Pro se*

ELECTRONIC MAIL NOTICE LIST
  I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case: None.

MANUAL NOTICE LIST
  The following are those who are ***not*** on the list to receive e-mail notices for this case (who therefore require manual noticing): **ROBY TAYLOR CHAPPEL** at the above-named address.

  I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 5, 2008** at San Diego, California.

STEPHEN MCGEE                                    /s/ SMcG
Declarant                                        Signature

CERTIFICATE OF SERVICE BY U.S. MAIL                            08cv1291 DMS (BLM)

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  DANIEL ROGERS
   Deputy Attorney General
5  KYLE NIKI SHAFFER, State Bar No. 122374
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2226
    Fax: (619) 645-2191
9   Email: Niki.Shaffer@doj.ca.gov

10 *Attorneys for Respondent*

12            IN THE UNITED STATES DISTRICT COURT

13            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBY TAYLOR CHAPPEL,** | 08cv1291 DMS (BLM) |
| *Petitioner*, | **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| **A. HEDGPETH,** *Warden*, | *Oral Argument Not Requested* |
| *Respondent*. | |

**INTRODUCTION**

This Court's July 24, 2008 Order directed Respondent to file a motion to dismiss the Petition for Writ of Habeas Corpus "[i]f Respondent contends the Petition can be decided without the Court reaching the merits of Petitioner's claims (e.g., because . . . the Petition is barred by the statute of limitations, . . ."). In this Motion to Dismiss, Respondent contends that the pending Petition must be dismissed because it is untimely, as it was filed after the expiration of the statute of limitations pursuant to 28 U.S.C. § 2244(d).

1      The judgment in this case became final no later than January 29, 1995.  Petitioner
2  thereafter had until April 26, 1997, in which to file a timely federal petition.  Petitioner did not file
3  the instant habeas Petition until July 17, 2008, over eleven years after the expiration of the applicable
4  statute of limitations.  Respondent, accordingly, respectfully requests that this Court dismiss the
5  Petition for Writ of Habeas Corpus with prejudice pursuant to 28 U.S.C. § 2244(d).

**PROCEDURAL & FACTUAL BACKGROUND**

8      In 1992, Petitioner pled guilty to the crime of attempted murder in violation of
9  California Penal Code section 187, subdivision (a), in San Diego County Superior Court case
10 number CR 140547.  On June 9, 1992, Petitioner was sentenced to the nine-year upper term for
11 this offense.  Additionally, Petitioner was sentenced to a one-year enhancement for the use of
12 a deadly weapon in the commission of a felony (Cal. Penal Code § 12022(b)), a three-year
13 enhancement for inflicting great bodily injury on his victim (Cal. Penal Code § 12022.7), and a
14 five-year enhancement for each of two violent felony priors (Cal. Penal Code § 667(a)); therefore,
15 an aggregate term of 23 years was imposed.  (Pet. at p.2; *see also* Exs. A, F-1; Lodgment 2, at 1.)
16 Petitioner did not appeal the judgment.  The judgment in this case therefore became final on
17 August 9, 1992.

18      While he was incarcerated, Petitioner attempted to escape from prison.  He was
19 subsequently charged with assault with a deadly weapon upon a peace officer (Cal. Penal Code
20 § 245(c)), kidnapping (Cal. Penal Code § 207(a)), and escape by force (Cal. Penal Code § 4532(b)).
21 Petitioner eventually pled guilty to these charges in San Diego County Superior Court case number
22 126340.  On November 30, 1994, he was sentenced to an aggregate term of fourteen years.  (Pet.,
23 Ex. C.)  This term was statutorily mandated to be imposed consecutively to the term of imprison-
24 ment Petitioner was already serving at the time of his attempted escape.  (Cal. Penal Code
25 § 4532(b)).  Petitioner did not appeal the judgment.  The judgment in this case therefore became
26 final no later than January 29, 1995.  Petitioner took no further action for over eight years.
27 ///
28 ///

1　　　　　On June 1, 2007, Petitioner filed a petition for writ of habeas corpus in the San Diego
2 County Superior Court in case number HC18962. (Lodgment 1.) The petition was denied on
3 July 16, 2007. (Lodgment 2; *see also* Pet., Ex. F-1.)
4　　　　　On September 25, 2007, Petitioner filed a petition for writ of habeas corpus in the
5 California Court of Appeal, Fourth Appellate District, Division One, in case number D051699.
6 (Lodgment 3.) The state appellate court denied the petition on January 22, 2008. (Lodgment 4.)
7　　　　　On November 9, 2007, Petitioner filed a petition for writ of habeas corpus in the California
8 Supreme Court in case number S158063. (Lodgment 5.) The Court denied the petition on May 14,
9 2008, without citation or comment. (Lodgment 6.) On April 1, 2008, Petitioner filed another
10 petition for writ of habeas corpus in the California Supreme Court in case number S162222.
11 (Lodgment 7.) To date, the Court has made no ruling upon that petition.
12　　　　　Petitioner filed the instant Petition in this Court on July 17, 2008.

13

14　　　　　　　　　　　　　　　　　　　　　**ARGUMENT**

15

16　　**THE PETITION MUST BE DISMISSED BECAUSE IT WAS NOT
　　　　FILED WITHIN THE PERIOD OF LIMITATIONS SET FORTH IN
　　　　28 U.S.C. § 2244(d)**

17

18　　　　　Because the present Petition was filed after April 24, 1996, it is governed by the
19 Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Smith v. Robbins*, 528 U.S. 259, 268
20 n.3, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000); *see also Furman v. Wood*, 190 F.3d 1002, 1004
21 (9th Cir. 1999), citing *Lindh v. Murphy*, 521 U.S. 320, 336-338, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d
22 481 (1997). As amended by AEDPA, 28 U.S.C. § 2244(d) provides:

23　　　　　(1) A 1-year period of limitation shall apply to an application for a writ of
　　　　habeas corpus by a person in custody pursuant to the judgment of a State court.
24　　　　The limitation period shall run from the latest of —

25　　　　　　(A) the date on which the judgment became final by the conclusion
　　　　of direct review or the expiration of the time for seeking such review;
26
　　　　　　(B) the date on which the impediment to filing an application created
27　　　　by State action in violation of the Constitution or laws of the United States is
　　　　removed, if the applicant was prevented from filing by such State action;
28

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Following his guilty plea, Petitioner's sentence was originally imposed on June 9, 1992. (Pet., Ex. A.) Following his attempted escape from prison, Petitioner again pled guilty to another set of charges and was sentenced on November 30, 1994. (Pet., Ex. C.) Petitioner did not appeal either judgment. Petitioner's conviction and judgment became final 60 days after entry in both cases, or on August 9, 1992, in the first case and January 29, 1995, in the second (escape) case. Cal. Ct. R., 8.308(a) (formerly 31(d)); *see also Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006); *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D.Cal. 2001).

Because the judgments in this case became final prior to the effective date of the applicable statute of limitations, Petitioner had until April 23, 1997, to file his federal habeas corpus petition in order for it to be timely under § 2244(d)(1)(A). *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002); *Calderon v. U.S.D.C. (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), reversed on other grounds, *Calderon v. U.S.D.C. (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc). Petitioner did not file the instant habeas Petition until July 17, 2008, over eight years after the expiration of the applicable statute of limitations.

Because Petitioner did not file the presently pending federal Petition until well over one year after the statute of limitations had expired, the issue raised by the present Petition is whether Petitioner is entitled to a later filing date than April 23, 1997, based on the provisions of § 2244(d)(1)(B)-(D), whether Petitioner is entitled to statutory tolling under § 2244(d)(2), and whether Petitioner is entitled to equitable tolling. Petitioner is not entitled to a limitation period later than the conclusion of the direct-review process based on the provisions of § 2244(d)(1)(B)-(D): There was no state impediment to Petitioner filing the present habeas Petition earlier; Petitioner's

claims do not depend on a new or recently recognized constitutional right; and the factual predicates for Petitioner's claims were known by the time judgment was imposed.

Petitioner is not entitled to statutory tolling, pursuant to § 2244(d)(2). Petitioner did not begin to seek collateral relief in this case until June 1, 2007, over ten years after the statute of limitations had already expired in 1997. Although Petitioner did eventually pursue repeated and numerous collateral actions in the state courts (Lodgments 1-7), statutory tolling can not revive the limitations period; it can only serve to pause a clock that has not already run. *Patterson v. Stewart*, 251 F.3d 1243 (9th Cir. 2001); *Green v. White*, 223 F.3d 1001 (9th Cir. 2000). Once the statute has run, a collateral action cannot revive it. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Thus, none of Petitioner's collateral filings had any effect on the AEDPA statute of limitations, because the limitations period had already expired before Petitioner commenced seeking collateral relief in the state courts. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). Moreover, it is noteworthy that at least one state court specifically denied Petitioner's collateral filing as being untimely under California state law. (Lodgment 4, at 2.) Untimely state petitions are improperly filed and do not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1812, 161 L. Ed. 2d 669 (2005); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005).

Petitioner is not entitled to equitable tolling in this case. Petitioner has made no explicit claim for equitable tolling. Nor does it appear that he reasonably can assert any, let alone sufficient, equitable tolling to overcome the period of delay that preceded the filing of the current Petition.

AEDPA's limitations provision is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control prevented him or her from filing a petition on time. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). A petitioner bears the burden of showing that equitable tolling is appropriate. *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). In order for equitable tolling to apply, a petitioner must demonstrate both that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in the way of his filing a timely petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006), citing *Pace v. DiGuglielmo*, 544 U.S. 408.

///

1    A petitioner must establish that extraordinary circumstances caused the delay in filing the federal petition. *Gaston v. Palmer*, 387 F.3d at 1008. Petitioner has not met this burden. Equitable tolling is appropriate only in cases where external forces, rather than a petitioner's lack of diligence, account for failure to file a timely claim. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Diligence may be measured by how quickly a petitioner pursued state remedies. *Guillory v. Roe*, 329 F.3d 1015, 1017 (9th Cir. 2003) (examining how quickly a petitioner returned to state courts to exhaust claims and how quickly petitioner returned to federal court after state exhaustion). Petitioner's lack of diligence bars the application of equitable tolling in this case.

One item warrants the Court's attention. On page seven of the supplemental briefing attached to his Petition, Petitioner asserts that his claims are timely filed because he did not learn that the term imposed for his attempted escape from prison and related offenses was to be served consecutively to his originally imposed term until 2007. (Pet. Supp., 7.) However, as noted by the state appellate court, Petitioner knew, or should have known, that his sentence for the attempted escape and related offenses was ordered to be served consecutively at the time judgment was imposed on November 30, 1994. Additionally, as also noted by the state courts, the consecutive nature of Petitioner's disputed term was statutorily mandated. (Lodgment 2, at 2; Lodgment 4, at 2.) Accordingly, even assuming Petitioner's claims were not time-barred and could be considered by this Court, Petitioner's contention that the disputed consecutive term was somehow arbitrarily imposed by the California Department of Corrections is utterly lacking in any factual or legal support.

Accordingly, this Court should conclude that Petitioner is not entitled to equitable tolling. The current Petition is untimely and must be dismissed.

///
///
///

**CONCLUSION**

Based on the foregoing reasons, the Petition for Writ of Habeas Corpus should be dismissed with prejudice, all relief should be denied, and any request for a certificate of appealability should be rejected.

Dated: September 5, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

DANIEL ROGERS
Deputy Attorney General

     *s*/**KYLE NIKI SHAFFER**

KYLE NIKI SHAFFER
Deputy Attorney General

*Attorneys for Respondent*

KNS:sm
80278413.wpd
SD2008801997

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| PROCEDURAL & FACTUAL BACKGROUND | 2 |
| ARGUMENT | 3 |
| **THE PETITION MUST BE DISMISSED BECAUSE IT WAS NOT FILED WITHIN THE PERIOD OF LIMITATIONS SET FORTH IN 28 U.S.C. § 2244(d)** | 3 |
| CONCLUSION | 7 |

**TABLE OF AUTHORITIES**

*Page*

**CASES**

*Bonner v. Carey*
425 F.3d 1145 (9th Cir. 2005) ........................................................................... 5

*Calderon v. U.S.D.C. (Beeler)*
128 F.3d 1283 (9th Cir. 1997) ........................................................................... 4

*Calderon v. U.S.D.C. (Kelly)*
163 F.3d 530 (9th Cir. 1998) ............................................................................. 4

*Espinoza-Matthews v. California*
432 F.3d 1021 (9th Cir. 2005) ........................................................................... 5

*Furman v. Wood*
190 F.3d 1002 (9th Cir. 1999) ........................................................................... 3

*Gaston v. Palmer*
387 F.3d 1004 (9th Cir. 2004) ........................................................................ 5, 6

*Green v. White*
223 F.3d 1001 (9th Cir. 2000) ........................................................................... 5

*Guillory v. Roe*
329 F.3d 1015 (9th Cir. 2003) ........................................................................... 6

*Lewis v. Mitchell*
173 F. Supp. 2d 1057 (C.D.Cal. 2001) ............................................................. 4

*Lindh v. Murphy*
521 U.S. 320
117 S. Ct. 2059
138 L. Ed. 2d 481 (1997) .................................................................................. 3

*Malcom v. Payne*
281 F.3d 951 (9th Cir. 2002) ............................................................................. 4

*Mendoza v. Carey*
449 F.3d 1065 (9th Cir. 2006) ........................................................................... 4

*Miles v. Prunty*
187 F.3d 1104 (9th Cir. 1999) ........................................................................... 6

*Pace v. DiGuglielmo*
544 U.S. 408
125 S. Ct. 1807
161 L. Ed. 2d 669 (2005) .................................................................................. 5

*Patterson v. Stewart*
251 F.3d 1243 (9th Cir. 2001) ........................................................................... 5

## TABLE OF AUTHORITIES (*continued*)

*Page*

*Rasberry v. Garcia*
448 F.3d 1150 (9th Cir. 2006) ... 5

*Sibley v. Culliver*
377 F.3d 1196 (11th Cir. 2004) ... 5

*Smith v. Robbins*
528 U.S. 259
120 S. Ct. 746
145 L. Ed. 2d 756 (2000) ... 3

*Spitsyn v. Moore*
345 F.3d 796 (9th Cir. 2003) ... 5

*Webster v. Moore*
199 F.3d 1256 (11th Cir. 2000) ... 5

**STATUTES**

28 U.S.C. § 2244 ... 1-5

Antiterrorism and Effective Death Penalty Act ("AEDPA")
    Pub. L. No. 104-132, 110 Stat. 1214 (1996) ... 3, 5

California Penal Code
    § 187 ... 2
    § 207 ... 2
    § 245 ... 2
    § 667 ... 2
    § 4532 ... 2
    § 12022 ... 2
    § 12022.7 ... 2

**COURT RULES**

California Rules of Court
    Rule 8.308(a) ... 4

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  DANIEL ROGERS
   Deputy Attorney General
5  KYLE NIKI SHAFFER, State Bar No. 122374
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2226
    Fax: (619) 645-2191
9   Email: Niki.Shaffer@doj.ca.gov

10 *Attorneys for Respondent*

11

12        IN THE UNITED STATES DISTRICT COURT

13        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15 **ROBY TAYLOR CHAPPEL,** | 08cv1291 DMS (BLM) |
| 16 *Petitioner*, | **NOTICE OF LODGMENT IN 28 U.S.C. § 2254** |
| 17 v. | **HABEAS CORPUS CASE** |
| 18 **A. HEDGPETH,** *Warden*, | *To Be Sent to Clerk's Office* |
| 19 *Respondent*. | |

22        Respondent lodges the following documents pursuant to this Court's July 24, 2008

23 Order. These copies are provided for the Court's use and *need not be returned* to Respondent.

24 The documents being lodged under this Notice by Respondent are:

25        1.  ***Petition for Writ of Habeas Corpus,*** San Diego County Superior Court,

26     case no. HC 18962, filed June 1, 2007;

27        2.  ***Order denying petition for writ of habeas corpus,*** San Diego County

28     Superior Court, case no. HC 18962, filed July 16, 2007;

NOTICE OF LODGMENT                                                Case No. 08cv1291 DMS (BLM)

3. ***Petition for Writ of Habeas Corpus,*** California Court of Appeal, Fourth Appellate District, Division One, case no. D051699, filed September 25, 2007;

4. ***Order denying petition for writ of habeas corpus,*** California Court of Appeal, Fourth Appellate District, Division One, case no. D051699, filed January 22, 2008;

5. ***Petition for Writ of Habeas Corpus,*** California Supreme Court, case no. S158063, filed November 9, 2007;

6. ***Court Docket reflecting order denying petition for writ of habeas corpus,*** California Supreme Court, case no. S158063, filed May 14, 2008; *and*

7. ***Petition for Writ of Habeas Corpus,*** California Supreme Court, case no. S162222, filed April 1, 2008.

Dated: September 5, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

DANIEL ROGERS
Deputy Attorney General


　　*s/*KYLE NIKI SHAFFER

KYLE NIKI SHAFFER
Deputy Attorney General

*Attorneys for Respondent*

KNS:sm
80278438.wpd
SD2008801997